## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| SABRINA THORNE, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.:** |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| EOS CCA, | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |

## COMPLAINT

SABRINA THORNE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and a state law claim for negligence.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367 grants supplemental jurisdiction over Plaintiff's state law claim.

3.     Defendant conducts business and holds its corporate headquarters in the Commonwealth of Massachusetts, therefore personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.      Plaintiff is a natural person residing in Miami Beach, Florida.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts, 02061.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, which arose from purchases on an eBay account.

11.     The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

12.     Between March and May 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone in an attempt to collect on the subject debt.

13.     Plaintiff regularly received collection calls from numbers including, but not limited to: (877) 347-3741, which the undersigned has confirmed is a telephone number belonging to Defendant.

14.     Plaintiff received on average two (2) or more calls a day from Defendant during the operative period.

15.     Plaintiff was subject to calls by numerous collectors, including but not limited to those known as "Justin," "Robert Herman," and "Flyeriver" (phonetic).

16.     Plaintiff received these calls from Defendant on her personal home telephone.

17.     Defendant's collectors have called Plaintiff at all hours of the day, including prior to 8:00 a.m. and after 9:00 p.m., and sometimes as late as 11:00 p.m.

18.     Defendant failed to send anything in writing to Plaintiff advising her of her rights to seek verification of the alleged debt and/or dispute the debt.

19.     Defendant's collectors have also threatened to take legal action against Plaintiff for this debt.

20.     Upon information and belief, Defendant did not intend to take legal action against Plaintiff for this alleged debt, but made this threat to coerce payment from Plaintiff, as no suit has been filed since the threats were made.

21.     Defendant took the actions described herein with the intent to harass, upset and coerce payment from Plaintiff.


## COUNT I
## DEFENDANT VIOLATED THE § 1692c(a)(1) OF
## FAIR DEBT COLLECTION PRACTICES ACT

22.     Section 1692c(a)(1) of the FDCPA states that a debt collector shall not communicate with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient for the consumer.   In the absence of

knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

23.    Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff before 8:00 a.m. and after 9:00 p.m.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

25.    Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff before 8:00 a.m. and after 9 p.m., and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26.    Section 1692d(5) prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

27.    Defendant violated § 1692d(5) when it caused Plaintiff's telephone to ring at least twice daily.

## COUNT IV
## DEFENDANT VIOLATED §1692e, §1692e(5), and §1692e(10) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

28.      Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29.      Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

30.      Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

31.      Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA when it threatened to take legal action against Plaintiff without the intent to take such action, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32.      Section1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

33.      Defendant violated § 1692f when it continuously called Plaintiff, when it called Plaintiff before 8:00 a.m. and after 9:00 p.m, and when it threatened to take legal action with the intent to take such action.

**COUNT VI**
**DEFENDANT VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34.     Section 1692g(a) of the FDCPA states that within five (5) days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

35.     Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notice or any information in writing to Plaintiff with regards to the alleged debt within five (5) days of its initial contact with Plaintiff, including how to dispute the debt or obtain verification of the debt.

**COUNT VII**
**DEFENDANT NEGLIGENTLY SUPERVISED,**
**HIRED AND TRAINED ITS COLLECTORS**

36.     Defendant owed Plaintiff a duty to exercise reasonable care in the hiring, supervision and/or training of its collectors.

37.     Had Defendant's collectors been properly trained, supervised and/or hired they would not have placed calls to Plaintiff prior to 8:00 a.m. or after 9:00 p.m.

38.     As a direct and proximate result of Defendant's negligent hiring, supervision ad training, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SABRINA THORNE, respectfully prays for a judgment as follows:

     a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

     b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

     d.   Punitive damages; and

     e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SABRINA THORNE, demands a jury trial in this case.

Dated: May 16, 2013                   RESPECTFULLY SUBMITTED,

                                     */s/ Craig T. Kimmel*

                                     Craig Thor Kimmel
                                     Kimmel & Silverman, P.C.
                                     30 E. Butler Pike
                                     Ambler, PA 19002
                                     Phone: (215) 540-8888
                                     Fax: (877) 788-2864
                                     Email: kimmel@creditlaw.com